UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WAYNE JACKSON,<br><br>    Plaintiff,<br><br>V.<br><br>THE BLUE BIRD CORPORATION,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Wayne Jackson, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint for Damages against The Blue Bird Corporation (Blue Bird or Defendant), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts One and Two of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (Title VII).

2. This Court has jurisdiction over the parties of this action because the employment practices described herein were committed within the Macon Division

of the United States District Court for the Middle District of Georgia.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

5.     Plaintiff is a citizen of the United States and a resident of Houston County, Georgia.

6.     Defendant is a corporation registered to conduct business in the State of Georgia.

7.     Defendant may be served by delivering a copy of the Complaint and Summons to its registered agent, Charles Jeffrey Liipfert, located at 202 Central Avenue, Fort Valley, GA  31030.

8.     Defendant employed fifteen (15) employees or more at all times relevant to this lawsuit.

9.     Defendant is subject to the requirements of Title VII.

## III. FACTUAL ALLEGATIONS

10.    Mr. Jackson is African-American.

11.    Defendant hired Mr. Jackson as a Line Shift Supervisor in 2013.

12.    Defendant conducted end-of-year performance appraisals. Mr. Jackson scored "satisfactory" or above in each review while employed with Defendant.

13.    Mr. Jackson's performance appraisal scores made him eligible to receive a

scheduled raise each year he worked for Defendant.

14. On or about February 2016, Defendant instituted a night shift at their assembly plant in Fort Valley, GA (Main Plant).

15. On or about February 2016, Mr. Jackson moved from his role as a day Line Shift Supervisor to a similar role with the night shift.

16. Prior to February 2016, Defendant employed Mr. Jerry Rowland as a Plant Manager at Blue Bird South (South Plant), a separate location near the Main Plant and responsible for providing the Main Plant with parts to be assembled.

17. Mr. Jerry Rowland is Caucasian.

18. As the South Plant Manager, Mr. Rowland was accused of physically reprimanding Willie Gibson, an African-American employee of Defendant.

19. Mr. Gibson informed Defendant of the assault.

20. Mr. Gibson also informed Mr. Jackson of the assault.

21. Defendant failed to discipline Mr. Rowland for the assault on Mr. Gibson.

22. On or about February 2016, Defendant promoted Mr. Rowland to Main Plant Manager for the night shift.

23. Mr. Jackson's Line Shift Supervisor position was subordinate to Plant Manager.

24. Mr. Rowland oversaw approximately ten (10) Line Shift Supervisors.

25. Two (2) of those Line Shift Supervisors were Caucasian.

26. Eight (8) of the Line Shift Supervisors were African-American.

27. Mr. Jackson noticed Mr. Rowland speaking to African-American Line Shift Supervisors in a more aggressive and dismissive tone compared to Caucasian Line Shift Supervisors.

28. On or about July 2016, Mr. Rowland openly chastised an African-American Line Shift Supervisor over Blue Bird's two way radio system.

29. Blue Bird's two way radio system is an open line of communication between Blue Bird employees.

30. Aware that co-workers, including Mr. Jackson, heard the rebuke, the targeted employee was deeply embarrassed.

31. During his time with Defendant, Mr. Jackson had not heard any other Manager use the radio system in such a manner.

32. The targeted employee lodged a complaint with Defendant against Mr. Rowland.

33. Upon information and belief, Mr. Rowland was not punished.

34. During the summer of 2016, three (3) of Mr. Jackson's line shift workers complained of heat-related issues and did not receive proper medical attention from Defendant's medical department.

35. The Plant does not provide air conditioning on the assembly line.

36. One of these employees, after finding the medical department closed, left his shift early, went home, and suffered kidney failure.

37. As the Line Shift Supervisor, Mr. Jackson only had the ability to give breaks or send employees to the medical department.

38. Mr. Jackson was not responsible for the medical department's care of Defendant's employees.

39. Mr. Shelby Hill, Mr. Jackson's direct supervisor, did not express concern with Mr. Jackson's actions or decisions regarding the condition of the employees.

40. On several occasions, Mr. Rowland placed blame on Mr. Jackson for the condition of the employees that did not receive proper medical care.

41. Mr. Jackson believed that Mr. Rowland's rebukes were motivated by Mr. Jackson's race.

42. On August 30th, 2016, Mr. Jackson met with Mr. Rowland and Human Resources (HR) Director Mike McCurdy to address the issue of medical care and Mr. Jackson's allegation of racial discrimination.

43. During the meeting, Mr. Jackson informed Mr. Rowland and Mr. McCurdy of the racial discrimination by Mr. Rowland.

44. Two days later, on September 1st, 2016, Mr. Rowland dismissed Mr.

Jackson early from his scheduled shift.

45. According to Mr. Rowland, Mr. Jackson would not commit to working a shift on September 2nd, 2016.

46. Mr. Jackson emailed Mr. Rowland on or about July 7th, 2016 to request off from his shift on September 2nd, 2016.

47. Following the July 7th email, Mr. Jackson made plans with his girlfriend and newborn daughter for September 2nd.

48. Mr. Jackson reminded Mr. Rowland of the prior notice and informed him of his plans.

49. Nevertheless, Mr. Rowland told Mr. Jackson to turn in his badge and leave immediately, telling Mr. Jackson that HR would contact him with further instructions.

50. On September 5th, Mr. Jackson requested FMLA leave through October 3rd, 2016, for the purpose of spending time with his daughter.

51. Defendant approved the leave, retroactive to September 1st.

52. Mr. Jackson used available vacation time from October 4th through October 9th.

53. On October 10th, Mr. Philomena Washington, an HR representative, told Mr. Jackson that he should delay his return until October 17th.

54. On October 13th, Mr. Jackson lodged a second, formal complaint with Defendant against Mr. Rowland, alleging racial discrimination and retaliation.

55. On October 17th, Ms. Washington asked Mr. Jackson to remain home while the complaint against Mr. Rowland was pending.

56. Defendant allowed Mr. Rowland, the subject of the complaint, to continue work without interruption.

57. Defendant terminated Mr. Jackson on October 24th.

58. Defendant cited job performance as the cause of termination.

## IV.  CLAIMS FOR RELIEF

## COUNT I

## RETALIATION UNDER TITLE VII

59. Plaintiff incorporates by reference paragraphs 1-58 of his Complaint as if fully set forth herein.

60. Plaintiff engaged in Title VII protected activity, as indicated in paragraphs 42, 43 and 54.

61. Defendant subjected Plaintiff to adverse employment actions, as indicated in paragraphs 44, 55, and 57

62. Defendant, through Plant Manager Mr. Rowland, took an adverse action against Plaintiff only two (2) days after Plaintiff complained of racial

discrimination to Mr. Rowland and HR Director Mr. McCurdy.

63. Following Plaintiff's formal complaint of racial discrimination on October 13th, Defendant required Plaintiff to remain on leave while allowing Mr. Rowland, the subject of the complaint, to report to work.

64. Defendant terminated Plaintiff approximately eleven (11) days after Plaintiff complained of racial discrimination.

65. Taken together, these facts support an inference of retaliation based on Title VII protected activity.

66. Defendant's business reason for termination is pretext and is contradicted by paragraphs 12-13.

## COUNT II

## DISCRIMINATION UNDER TITLE VII

67. Plaintiff incorporates by reference paragraphs 1-49 of his Complaint as if fully set forth herein.

68. Plaintiff is a member of a protected class (African-American).

69. Plaintiff was qualified for the position, as indicated by paragraphs 12-13.

70. Defendant engaged in disparate treatment by allowing Mr. Rowland, a Caucasian male and the subject of a race discrimination complaint, to report to work while requiring Plaintiff, an African-American male and the aggrieved party,

to remain on leave.

71. Defendant was aware of prior allegations of race discrimination against Mr. Rowland, detailed in paragraphs 19 and 32.

72. Defendant failed to take prompt remedial action against Mr. Rowland, as indicated by paragraphs 21 and 33.

73. Defendant terminated Plaintiff.

74. These facts support an inference of race discrimination.

75. Defendant's business reason for termination is pretext and is contradicted by paragraphs 12-13.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

    a. Trial by jury;

    b. A finding that Defendant violated Plaintiff's rights as set forth herein;

    c. Full back pay plus interest, front pay, compensatory damages, punitive damages, reasonable attorney fees, and costs in accordance with Title VII; and

    d. Any other relief this Court deems proper and just.

Date: March 15, 2017

                                       Respectfully submitted,
                                       THE KIRBY G. SMITH LAW FIRM, LLC

                                       s/Kirby G. Smith
                                       Kirby G. Smith
                                       Georgia Bar No. 250119
                                       Micah Barry
                                       Georgia Bar No. 103184
                                       *Attorneys for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 15 day of March, 2017.

THE KIRBY G. SMITH LAW FIRM, LLC

  s/Kirby G. Smith
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served all parties in this matter with the foregoing **COMPLAINT** pursuant to Fed. R. Civ. P. 4.

Respectfully Submitted this 15 day of March, 2017.

                                        THE KIRBY G. SMITH LAW FIRM, LLC

                                        __s/Kirby G. Smith__
                                        Kirby G. Smith
                                        Georgia Bar No. 250119
                                        *Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
kgs@kirbygsmith.com